OPINION
PER CURIAM.
Muhammad J. Khan petitions for review of an order of the Board of Immigration Appeals (“BIA”), affirming an Immigration Judge’s (“IJ’s”) order denying his motion to reopen. We will deny the petition for review.
Khan is a native and citizen of Pakistan. On or about January 11, 2006, Khan was chai'ged as a removable alien. An 1-140 petition for alien worker was filed on his behalf. Represented by counsel, Khan appeared for a master hearing before Immigration Judge Yeargin on July 20, 2006. According to Khan, “he was [then] persuaded to seek voluntary departure after undersigned counsel was informed [off-the-record] by government counsel that the Immigration Service had evidence concerning certain ‘discrepancies’ between his pending immigrant petition and earlier statements that the Petitioner made to the government in connection with a prior application for adjustment of status.” (Petition for Review at 2.) The IJ therefore issued an order on July 20, 2006, granting voluntary departure in lieu of removal and expressly requiring Khan to depart on or before November 17, 2006.
On or about November 6, 2006, Khan filed a motion to reopen his removal proceedings pursuant to 8 C.F.R. § 1003.23. He requested permission to seek adjustment of his status, emphasizing that he was now a beneficiary of a labor certifica *800 tion approved after the IJ’s voluntary departure order and that his sponsor had filed an 1-140 petition based on the certification. He noted that if he were forced to comply with the voluntary departure order, he would “be barred from obtaining an immigrant visa for ten (10) years due to the unlawful presence bar which is applicable to individuals who have been granted voluntary departure.” A.R. 63. On December 19, 2006, Immigration Judge Fer-lise denied the motion to reopen, finding that it was untimely under the 90-day time period established by § 1003.23(b).
Khan appealed to the BIA. Khan argued that government counsel had failed to respond to his request for information regarding the alleged discrepancies discussed at the status hearing and that the continuing failure to furnish the requested information prevented him from filing the motion to reopen in a timely fashion. In turn, the Government moved for summary affirmance. On January 9, 2008, the BIA dismissed Khan’s appeal. According to the BIA, “[i]t is unclear how the [Government’s] failure to provide the respondent with information caused the delay in filing the motion to reopen, as the motion was eventually filed without the information.” A.R. 2. It further found that Khan’s “argument does not provide a basis for granting an untimely motion to reopen.” Id. Khan filed a timely petition for review as well as a motion for stay of removal. In response, the government moved for summary affir-mance. A panel of this Court denied the motion for a stay of removal and the motion for summary affirmance on May 15, 2008, and the matter proceeded to briefing.
Khan argues in his brief that the IJ erred in denying his motion to reopen, because the delay causing him to file an untimely motion to reopen was attributable to the Government’s failure to provide him with discovery. He also argues that the Government’s failure to provide him the requested evidence resulted in a violation of his right to due process. The Government argues that the BIA did not abuse its discretion in affirming the denial of Khan’s motion to reopen, and that the Government’s alleged failure to provide Khan with evidence did not violate his right to due process.
This Court reviews the denial of a motion to reopen under an abuse of discretion standard. See, e.g., Barrios v. Attorney General, 399 F.3d 272, 274 (3d Cir.2005). Khan does not dispute that his motion to reopen was untimely under the applicable 90-day deadline, nor does he argue that his motion met one of the regulatory exceptions for timeliness. 8 C.F.R. § 1003.23(b)(1), 8 C.F.R. § 1003.23(b)(4). Instead, he argues that the time limitation should be tolled or otherwise excused because of the government counsel’s alleged failure to honor his request for information.
We cannot find that either the IJ or the BIA abused its discretion in failing to reopen in these circumstances. Although an IJ may sua sponte reopen a decision “at any time,” see 8 C.F.R. § 1003.23(b)(1), Khan did not acknowledge the untimeliness of his motion to reopen in that motion, nor even mention that he was awaiting evidence from the Government. The IJ clearly was given no reason to consider the untimely motion. Khan did explain why he believed he could not file a timely motion in his appeal to the BIA, see A.R.10-14, but we agree with the BIA that Khan’s excuse for the untimely filing did “not provide a basis for granting an untimely motion to reopen.” A.R. 2. Khan himself cites to no specific evidence to support his allegation of a causal link between the alleged failure to disclose and his delay in filing. As noted, the motion to reopen filed by Khan did not refer to the *801 discrepancy issue or any problems with obtaining information from the government. Khan does not explain why he could not have filed an identical motion to reopen within the allowed time period when he realized the evidence he expected from the Government was not forthcoming. Because Khan was not prevented from filing a timely motion to reopen, we further hold that the Government did not violate any due process right he might have to file a motion to reopen.
For the foregoing reasons, the petition for review will be denied.